**In the Matter of MUTUAL BOARD & PACKAGING CORP., Bankrupt.**

**No. BK-63-677.**

United States District Court,
N. D. New York.

May 14, 1971.

Smith, Sovik, Terry, Kendrick, Mc-Auliffe & Schwarzer, Syracuse, for Trus-

tee; Laurence Sovik, Syracuse, of counsel.

PORT, District Judge.

### Memorandum-Decision and Order

Under date of March 30, 1971 I received a letter from Laurence Sovik, Attorney, enclosing his petition in the above-entitled matter, together with a proposed order. The petition discloses that he is a member of the firm who were attorneys for the Trustee in the above-entitled matter; that as such, under date of June 11, 1969, he prepared and submitted a final order judicially settling the Trustee's accounts, discharging him, and ordering distribution of the assets. The petition further discloses that there is presently the sum of $3,719.51 on deposit in the Oneida National Bank and Trust Company in the name of the Trustee. Of this amount, the sum of $2,866.97 results from a failure of four creditors, whose claims were allowed, to collect the checks issued to them as a final dividend.[1] No explanation is given in the petition as to why the balance of $852.54 remaining on deposit in the Oneida National Bank & Trust Company was not distributed under the order of distribution of June 11, 1969. The petition then lists a detailed statement of services rendered after the discharge of the Trustee and the entry of the final order of distribution. It also includes a detailed list of disbursements covering periods both before and after the discharge of the Trustee. The petition alleges that the services rendered are of the value of $695.55. The balance of $156.99 equals the sum of the disbursements sought to be recovered. The petition implies that it would be too onerous to reopen the estate and refer it back to the Referee.

1. From the petition, the following creditors appear not to have collected checks as indicated:

| | |
|---|---|
| Great Eastern Packing & Paper Stock Corporation, Claim No. 593 | $2,502.82 |
| Reginald Harper, Claim No. 212 | 137.59 |
| Jose Hernandez, Claim No. 215 | 119.36 |
| Archie M. Dye, Claim No. 222 | 107.20 |
| | $2,866.97 |

In order to shortcut this proceeding, the petitioner submits with his petition, ex parte, an order granting to his law firm "a supplemental allowance of $695.-55, together with disbursements of $156.-99" and further directing the Oneida National Bank & Trust Company to honor checks drawn on the bank account in the name of the Trustee, on the sole signature of the Referee in Bankruptcy as follows:

| | |
|---|---|
| Great Eastern Packing & Paper Stock Corp. (Claim #593—Final dividend) | $2,502.92 (sic) |
| Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer—For Disbursements | 156.99 |
| Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer—Supplemental Allowance | 695.55 |
| Clerk of the U.S. District Court re claims Nos. 215, 222 and 313 pursuant to Sec. 66 of the Bankruptcy Act | 364.15 |
| | $3,719.51 |

In the letter of transmittal accompanying the petition and proposed ex parte order, the petitioner advises that the Referee in Bankruptcy was unwilling to assume jurisdiction over the matter since the case had been closed and the Trustee discharged. The letter continued:

In our opinion you have complete jurisdiction to dispose of the matter as we have set forth in the enclosed petition and order wherein the entire facts are set forth.

Doubting the propriety of signing the ex parte order as submitted, upon its receipt I wrote the petitioner requesting that I be supplied with authority for proceeding in the manner suggested.[2] In

reply under date of April 13, 1971, petitioner wrote me stating "[i]t is true that the case by order has been closed but certainly that does not mean that the court should not have jurisdiction to take further action in aid of the complete closing of the estate." No question was raised by me as to the jurisdiction of the court to take further action, but merely whether or not the court could adopt the shortcut suggested by counsel.

In his letter he quotes from the opinion of Judge Learned Hand in In Re Pottasch Bros. Co., 79 F.2d 613 (2d Cir. 1935).[3] If this quote is cited in support of the proposed order, petitioner misreads *Pottasch*. The statement was made in connection with the power of a Referee in bankruptcy to amend his order *after* the matter had been reopened and referred back to him.

It is clear that it would be improper to direct the payment of the attorneys' fees on the basis of this ex parte order. Section 58, Bankruptcy Act, 11 U.S.C. § 94.[4] *See* Sperry and Hutchinson Company v. United States Dist. Ct., So.Cal., 321 F.2d 533 (9th Cir. 1963).

It is hard for me to believe that the petitioner, one of the most active and extensive practitioners in the bankruptcy court, was not aware of this requirement. In fact, I believe he was. It should have been called to the court's attention in the first instance; the failure to do so was a deliberate concealment. I have written at some length in this case in the hope that the petitioner, and practitioners generally, will appreciate that anything less than full and fair disclosure

---

2. My letter dated March 30, 1971 read as follows:

In situations where there have been unadministered assets, I have ordered the reopening of the proceedings and referred it to the Referee. In other instances, where money has remained on deposit in the bank, I know it has been paid into the Registry of the court and dispersed on proper application. I have never experienced a proceeding such as is submitted in your proposed order. Will you kindly submit the authority for such a proceeding.

3. "Why it is desirable that their orders, ruat coelum, should be as immutable as the Twelve Tables, once the ink is dry, we cannot understand." 79 F.2d at 616.

4. 11 U.S.C. § 94 provides in pertinent part as follows:

(a) Creditors *shall* have at least ten days' notice by mail * * * of * * * (8) all applications by * * * attorneys for compensation from the estate for services rendered * * *. (emphasis added.)

of the law or facts in their possession neither serves them, their clients, the court, nor the ends of justice.

The petitioner was in my chambers on an unrelated matter on the afternoon of May 10, 1971. On that occasion I expressed myself in similar vein and chided him for not directing the court's attention, in an ex parte application, to pertinent provisions of the Bankruptcy Act with which he was familiar, reminding him that this was not the first occasion on which I had cited such an omission to him. He then stated he would like to withdraw the petition.[5]

The petitioner's application may now be academic but the problem remains. The balance of $3,719.51 in the Trustee's account remains on deposit in the account of the Trustee at the Oneida National Bank & Trust Company of Central New York, Utica, New York, although it should have long since been paid into court pursuant to the provisions of Section 66(a) of the Bankruptcy Act (11 U.S.C. § 106(a)).[6] Since the court is aware of the fact that the Trustee is out of the jurisdiction, his signature on the check to be issued will be dispensed with.

After payment into court, any claimant to any such funds may petition the court for payment in accordance with Section 66(a) of the Bankruptcy Act (11 U.S.C. § 106(a)) and 28 U.S.C. § 2042.

For the reasons herein, it is

Ordered, that Referee in Bankruptcy, Leon J. Marketos draw a check to the order of Joseph R. Scully, Clerk, on the account of Phillip J. McNellis, Trustee, in the above-captioned proceeding, at the Oneida National Bank & Trust Company of Central New York, Utica, New York for the balance remaining in said account in the sum of $3,719.51, and it is further

Ordered, that said Oneida National Bank & Trust Company of Central New York, Utica, New York be and it hereby is authorized and directed to honor and pay said check on the sole signature of said Leon J. Marketos, Referee, and it is further

Ordered, that said Leon J. Marketos, Referee shall deliver said check to the Clerk of the court, together with the list required by Section 66(a) of the Bankruptcy Act (11 U.S.C. § 106(a)).

---

5. This was done in a letter dated May 11, 1971 reading in part:

Having in mind our conference yesterday we hereby withdraw our petition in the above entitled matter dated March 29, 1971. The order closing the estate dated June 11, 1969 thereby will remain "as the Twelve Tables of Moses-mute" and our application is now academic.

6. § 106. Unclaimed moneys

(a) Dividends or other moneys which remain unclaimed for sixty days after the final dividend has been declared and distributed shall be paid by the trustee into the court of bankruptcy; and at the same time the trustee shall file with the clerk a list of the names and post-office addresses, as far as known, of the persons entitled thereto, showing the respective amounts payable to them. Such moneys and dividends shall be deposited and withdrawn as provided in section 2042 of Title 28, and shall not be subject to escheat under the laws of any State.